**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CECIL R. LAWRENCE,

      Petitioner-Appellant,

    v.

MIKE MULLIN, Warden,

      Respondent-Appellee.

No. 10-7076

(E.D. of Okla.)

(D.C. No. 6:-09-00349-RAW-KEW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Cecil Ray Lawrence, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Lawrence's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Nonetheless, no reasonable jurist could

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

conclude the district court's dismissal was incorrect. *See Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Accordingly, we DENY the application for a COA and

DISMISS the appeal.

## I. Background

On July 28, 2005, Lawrence pleaded guilty to two counts relating to the

possession of cocaine and phencyclidine with intent to distribute. For these

crimes, he was sentenced to a total of 16 years' imprisonment. On May 10, 2006,

Lawrence filed his first application for post-conviction relief in the Carter County

District Court, alleging ineffective assistance of counsel. The court denied

Lawrence's application, and the Oklahoma Court of Criminal Appeals (OCCA)

affirmed the denial on December 5, 2006.

On October 15, 2007, Lawrence learned that Kevin McIntire, a drug task

force investigator in Carter County, was indicted for stealing evidence in drug

cases he had investigated. On March 30, 2009, Lawrence filed a second

application for post-conviction relief in the Carter County District Court,

contending this newly-discovered evidence provided a sufficient reason to allow

him to obtain relief. Once again, the district court denied his application, and the

OCCA affirmed the denial on June 22, 2009. He then filed a petition under 28

U.S.C. § 2254 for a writ of habeas corpus on September 17, 2009, which the

federal district court dismissed as time-barred.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Lawrence does not satisfy this standard.

Section 2244(d)(1) establishes a one-year statute of limitations for the filing of a habeas petition. Relevant here are subsections (A), which commences the limitations period on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and (D), which commences the limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §§ 2244(d)(1)(A), (D).

Under Oklahoma law, a conviction pursuant to a guilty plea becomes final 10 days after entry of judgment or sentence, unless the convicted person moves to withdraw the plea within these 10 days. *Fisher v. Gibson*, 262 F.3d 1135, 1142

(10th Cir. 2001) (citing Oklahoma rules for direct appeal of a conviction entered under a guilty plea). Thus, the district court correctly determined Lawrence's statutory limitations period expired on August 7, 2006—one year and 10 days after his conviction under a guilty plea. The district court also correctly determined that Lawrence's first post-conviction proceeding extended the limitations deadline by 209 days until March 4, 2007, but that his second post-conviction proceeding provided no statutory tolling because it was filed after the relevant limitations period had expired.

Lawrence contends he discovered a factual predicate of his claims under 28 U.S.C. § 2244(d) on October 15, 2007, the date he learned of McIntire's conviction. Both the OCCA and the district court concluded Lawrence failed to demonstrate his allegations concerning the investigator could serve as the factual predicate for post-conviction relief. Even if both courts were wrong, Lawrence's claims would still be time-barred. Since § 2244(d)(1)(D) sets a 1-year time limitation after the discovery of a factual predicate, Lawrence's statutory limitation period would still have expired in October 2008, but he did not file his habeas petition until September 2009. Lawrence's second post-conviction proceeding in the Oklahoma state courts could not have provided statutory tolling because it was filed in March 2009, also after the expiration of the hypothetically-extended limitations period.

Therefore, no reasonable jurist could conclude the dismissal was incorrect.

### III. Conclusion

For the foregoing reasons, we DENY Lawrence's request for a COA.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge